JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Magid Salah Eldin Mohamed

**(b)** County of Residence of First Listed Plaintiff    Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

N/A - Plaintiff Pro Se

## DEFENDANTS

The University of Texas Southwestern Medical Center

County of Residence of First Listed Defendant    Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Mason Currah, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548; Phone: (512) 475-4072;

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☒ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Family and Medical Leave Act, 29 U.S.C. § 2601 et seq; Title I of the Americans with Disabilities Act, 42 U.S.C. § 112101 et seq.

Brief description of cause:
Plaintiff claims violations of the FMLA, ADA, and brings a state law claim under Chapter 21 of the Texas Commission on Human Rights Act, Tex

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/8/2023 | /s/ Mason Currah |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## Supplemental Civil Cover Sheet for Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 298th Judicial District Court of Dallas County, Texas | DC-23-13235 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Plaintiff Pro Se Magid Salah Eldin Mohamed | 4800 West Lovers Lane Apt. 212, Dallas, TX 75209 |
   | | (718)-362-0061; Magid92Moh@icloud.com |
   | Def. Univ. of Texas Southwestern Medical Center | Mason Currah; Bar No. 2413305 |
   | | P.O. Box 12548, Capitol Station, Austin, TX 78711 |
   | | Office of the Attorney General; (512)475-4072 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?    ☑ Yes         ☐ No

   If "*Yes*," by which party and on what date?

   Plaintiff Pro Se Magid Mohamed                        8/16/2023
   Party                                                          Date

4. **Answer:**

   Was an Answer made in State Court?   [✔] Yes        [ ] No

       If "*Yes*," by which party and on what date?

       <u>Def. Univ. of Texas Southwestern Medical Center</u>        <u>12/4/2023</u>
       Party                                                    Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |
   |  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   |  |  |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Plaintiff Pro Se | Discrimination and retaliation under:Title I of the Americans with Disabilities Act, 42 U.S.C. § 112101 et seq.; Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; and Chapter 21 of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 et seq. |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MAGID SALAH ELDIN MOHAMED,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. xxxxxxxxx** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER** | § | |
| *Defendant.* | § | |

---

### DEFENDANT THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S NOTICE OF REMOVAL

---

Defendant The University of Texas Southwestern Medical Center ("UTSW") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, to remove this action filed in the 298th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. In support of this removal, UTSW respectfully shows the following:

### I.  GROUNDS FOR REMOVAL

Plaintiff is a former student of UTSW. Plaintiff filed suit in the 298th Judicial District Court of Dallas County, Texas. Plaintiff has pled causes of action under Title I of the Americans with Disabilities Act, 42 U.S.C. § 112101 *et seq*.; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; and Chapter 21 of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq*. UTSW has filed an answer in state court, generally denying Plaintiff's allegations.

Removal to this Court is proper because the Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1441(a). Specifically, this Court has federal question jurisdiction over

Plaintiff's federal claims under 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367.

## II.  TIMELINESS OF REMOVAL

Plaintiff served UTSW with a copy of Plaintiff's Original Petition on November 9, 2023. *See* Ex. C.  Pursuant to 28 U.S.C. § 1446(b)(1), UTSW timely files this Notice of Removal within thirty (30) days after service and receipt of Plaintiff's Original Petition.

## III.  CONSENT

UTSW is the only defendant in this suit. All defendants therefore join or consent to this action pursuant to 28 U.S.C § 1446(b)(2)(A).

## IV.  VENUE

Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed state court action has been pending. Specifically, the 298th Judicial District Court of Dallas County, Texas, is geographically located within the Dallas Division of the United States District Court for the Northern District of Texas.

## V.  COMPLIANCE WITH PROCEDRAL REQUIREMENTS

A copy of all process, pleadings, and orders in the state court suit are attached to this Notice, pursuant to 28 U.S.C. § 1446(a).  Those documents include the following and are summarized in **Exhibit A** (Index of State Court Documents):[1]

- Plaintiff's Original Petition, filed August 16, 2023 (attached as **Exhibit B**);

- Plaintiff's Request to Issue Citation and Service of Process by Constable, filed on August 31, 2023 (attached as **Exhibit C**);

- Plaintiff's First, Second, Third, and Fourth Notices of Diligence in Perfecting Service, filed on September 27, 2023, October 9, 2023, October 26, 2023, and November 13, 2023, respectively (attached as **Exhibit D**);

---

[1] No orders have been entered in the state court suit.

- Civil Citation Issued to UTSW, served on November 9, 2023 (attached as **Exhibit E**); and

- UTSW's Original Answer and Defenses, filed on December 4, 2023 (attached as **Exhibit F**).

For the Court's convenience and in compliance with Local Rule 81.1(a)(4)(B), a copy of the state court docket sheet is attached as **Exhibit G**.

UTSW will promptly file a notice of this removal with the clerk of the state court where the suit has been pending, pursuant to 28 U.S.C. § 1446(d). A copy of that notice is attached as **Exhibit H**.

A separately signed certificate of interested persons is attached in compliance with Local Rule 81.1(a)(4)(D) and 3.1(c) as **Exhibit I**.

UTSW will also file a separately signed certificate of interested persons that complies with Local Rule 3.1(c), pursuant to Local Rule 81.1(a)(4)(D).

In the event this Court subsequently identifies a defect in this Notice of Removal, UTSW respectfully requests this Court to grant leave to amend this Notice to cure the defect. *See, e.g.*, *UICI v. Gray*, No. Civ. A. 3:01CV0921L, 2002 WL 356753, at *2 (N.D. Tex. Mar. 1, 2002) (holding that a defendant is permitted "to amend defective allegations of jurisdiction after the passage of the removal period"); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 922 (W.D. Tex. 2005) ("Defects in the form or content of the removal papers are usually not jurisdictional and may be cured by amendment after removal . . . .").

By filing this Notice of Removal, UTSW does not waive any legal defenses or objections to Plaintiff's Original Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VI.  CONCLUSION

Because UTSW has properly complied with the removal statutes set forth above, this case stands removed from the 298th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Mason Currah*
**MASON CURRAH**
Texas Bar No. 24133305
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 475-4072
Fax: (512) 320-0667
Mason.Currah@oag.texas.gov
**LEAD ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that that December 8, 2023, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record. A true and correct copy of the foregoing document has been sent via *U.S. certified mail, return receipt requested*, and first-class mail on December 8, 2023 to:

Magid S. Mohamed
4800 West Lovers Ln. #212
Dallas, TX 75209
**PLAINTIFF PRO SE**

*/s/ Mason Currah*
**MASON CURRAH**
Assistant Attorney General

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **THE HEIDI GROUP, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. xxxxxxxxx** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER** | § | |
| *Defendants.* | § | |

_____

**INDEX OF STATE COURT DOCUMENTS**
_____

The following documents comprise all process, pleadings, and orders in the state court suit:

1. Plaintiff's Original Petition, 08/16/2023

2. Plaintiff's Request to Issue Citation and Service of Process by Constable, 8/31/2023

3. Plaintiff's Notice of Diligence in Perfecting Service, 9/27/2023

4. Plaintiff's Second Notice of Diligence in Perfecting Service, 10/9/2023

5. Plaintiff's Third Notice of Diligence in Perfecting Service, 10/26/2023

6. Plaintiff's Fourth and Final Notice of Diligence in Perfecting Service, 11/13/2023

7. Executed Service of Citation to The University of Texas Southwestern Medical Center, 11/09/2023

8. Defendant The University of Texas Southwestern Medical Center's Original Answer and Defenses, 12/04/2023

# EXHIBIT B

FILED
8/16/2023 11:46 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cheryl Watts DEPUTY

## CASE No: DC-23-13235

| | | |
|---|---|---|
| | § | 298th |
| MAGID SALAH ELDIN MOHAMED, | § | IN THE _____ DISTRICT COURT |
| Pro Se, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | OF |
| | § | |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | DALLAS COUNTY TEXAS |
| Defendant. | § | |

**August 16, 2023**

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, **Magid S. Mohamed**, *Pro Se*, who complains of Defendant, The University of Texas Southwestern Medical Center, bringing this action for violating the laws of the State of Texas and the United States of America and alleges the following:

### I. DISCOVERY CONTROL PLAN

1.1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and hereby requests that the Court enter a discovery control order under Rule 190.4.

### II. PARTIES AND JURISDICTION

2.1. Plaintiff, **Magid S. Mohamed, Pro Se,** (hereafter, "Magid" "I", "me") is a Texas resident of Dallas County; Permanent Address 4800 West Lovers Lane # 212, Dallas, Texas, 75209.

2.2. Defendant, **The University of Texas Southwestern Medical Center** (hereafter "UTSWMC"), is a health science center and educational institution located in Dallas County, Texas. This institution is a part of the University of Texas system and is under the management

and control of the board of regents of the University of Texas system (Tex. Educ. Code §65.02 (a)(7)).

2.3. Defendant, UTSWMC may be served with process by serving its President, Daniel K. Podolsky at 5323 Harry Hines Boulevard, Dallas, Texas 75390.

2.4. Named Party, **Hesham Sadek** (hereafter, "Hesham Sadek" and "supervisor") is an employee and faculty member of UTSWMC and was the Plaintiff's supervisor overseeing his day-to-day operations.

2.5. Named Party, **Angelique Whitehurst** is an employee and faculty member of UTSWMC. She is also the Chair of the Cell and Molecular Biology graduate track. Her responsibilities include mediating academic student/faculty grievances, matters concerning a student's academic progress, and rendering decisions related to the academic probation and dismissal appeal process.

2.6. Named Party, **Andrew Zinn**, is an employee and faculty member of UTSWMC. He is the Dean of UT Southwestern Graduate School of Biomedical Sciences and Director of the Medical Scientist Training Program. His responsibilities include advocating for the needs and requests of students in the MSTP, meeting annually with each student for a Training and Career Assessment, and rendering final decisions related to the academic probation and dismissal appeal process.

2.7. This Court has jurisdiction to hear the merits of Plaintiff's claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §112101 et seq., and Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act ("TCHRA").

2.8. Venue is proper as to Plaintiff's claims because the unlawful employment practices described herein were committed in the State of Texas. Furthermore, venue is proper as to Plaintiff's claim, pursuant to 28 U.S.C. §1391(b), and Tex. Civ. Remedies and Practice Code §§ 15.002 15.092, and 15.093, as the events giving rise to Plaintiff's claims occurred substantially in Dallas County, Texas.

### III. CONDITIONS PRECEDENT

3.1. Plaintiff filed a complaint of discrimination and retaliation within 180 days of the last adverse event with Texas Workforce Commission (dual filed with the EEOC).

3.2. Plaintiff received a right to sue letter from the Texas Workforce Commission on August 15, 2023, and filed this case within sixty (60) days of receipt of the same.

3.3 Plaintiff has bought this private action no later than the second anniversary of the date the complaint with the TWC was filed.

3.4. As such, all conditions precedent been met for filing of this case.

### IV. FACTS

A) Relevant Factual Background

4.1. Around August 1, 2014, I enrolled in the Medical Scientist Training program (MSTP) at UTSWMC. The MSTP is competitive and prestigious 8-year academic program for earning both an MD and a PhD (4 years of medical school and 4 to 5 years of graduate school). Under the MSTP, I am both an employee and a student.

4.2. In March of 2017, I was diagnosed with Bipolar II Disorder, a mood disorder and disability classified by the Americans with Disabilities Act (ADA). I took a non-paid medical leave from August 2017 to August of 2018 to seek treatment. I then returned to graduate school and resumed studies while concurrently visiting regularly with a psychiatrist for therapy and adjustment of medication.

4.3. On October 18, 2019, I joined the lab of Hesham Sadek. Shortly thereafter, I notified him of my disability and the need for reasonable accommodations. I also notified Andrew Zinn, and signed a medical release form, granting him access to my medical record.

4.4. Around December of 2019, I began to experience discriminatory behavior from my supervisor when I requested and expressed the need for accommodation of my work hours. My

requests were denied and I began to face punitive actions for requesting flexible work hours as an accommodation. My work hours were constrained to 9:00am to 5:00pm and I was required to email Hesham Sadek twice daily, upon arrival and departure, to ensure strict adherence to the imposed work hours. No other members of the research lab were subjected to the same treatment, and this practice is far outside of the norm for doctoral candidates in graduate school.

4.5. Due to the nature of my disability, I was unable to consistently adhere to those hours, despite several good faith attempts to comply. When I failed to adhere to those hours, I experienced increasingly discriminatory and punitive actions including non-constructive criticism and pejorative language about my work ethic and my character as a whole. These actions progressively increased and peaked to a point where I faced a complete restriction of essential functions related to my role as a graduate student. These restrictions included the ability to work outside of the imposed work hours, to work independently, and eventually denied the ability to work my doctoral thesis entirely.

4.6 On or around May of 2020, I was put on academic probation and faced dismissal after an incident of absenteeism, again related to failure to report to work after a denial of reasonable accommodation. Around late June of 2020, I successfully appealed the dismissal decision, and both Andrew Zinn and Angelique Whitehurst were informed of the lack of accommodation and the restriction/denial of the essential functions of my role as a graduate student. No corrective action was taken, despite knowing that based on the nature of my disability, a similar event would inevitably occur again if reasonable accommodation was not provided.

4.7. On December 27, 2020, I requested an accommodation via email from Hesham Sadek, my laboratory supervisor, to modify my work hours for the week, due to a flare up symptoms of my disability. He denied that request, despite being aware of my disability, the need for reasonable accommodation, and similar accommodation requests made in the past.

4.8. On December 28, 2020, Hesham Sadek reported me to Andrew Zinn, Dean of UTSWMC graduate school, for failure to report to work at 9:00am.

4.9. On January 6, 2021, I received an email from Andrew Zinn, informing me that Angelique Whitehurst, Chair of the Cell and Molecular Biology graduate track, made a recommendation for my dismissal from the program. I was not notified that Angelique Whitehurst was considering this decision before making her recommendation to Andrew Zinn. I did not meet with her, nor was I shown evidence or reasoning for said recommendation. I was informed that I could appeal my dismissal in writing by February 11, 2021.

4.10. Some time after submitting my appeal I was notified via email by Andrew Zinn that after considering and disagreeing with my appeal, I was dismissed from Medical Scientist Training Program. In my written appeal, I explained that I was consistently being denied reasonable accommodation, experienced discriminatory and retaliatory actions by my supervisor for requesting accommodations related to my disability, and faced systematic punitive actions by my supervisor to hinder my laboratory progress, including being denied the ability to work outside designated hours of 9am to 5pm, and denied the ability to work on my doctoral thesis project. Despite the grievous nature of these claims, Andrew Zinn denied or ignored multiple requests for an in-person or virtual meeting to hear my perspective before rendering his decision.

B) Relevant Factual Allegations

4.11. Although the discrimination and retaliation I faced was continuous and pervasive, the allegations below are provided as an example to support my causes of action.

4.12. On 10/08/2019, Andrew Zinn stated that my supervisor requested I take medical leave of absence, and if I do not do so voluntarily (without authorization from my psychiatrist), I would be dismissed/terminated from my position.

4.13. On 1/15/2020, upon returning from my forced medical leave, Hesham Sadek informed me that he decided that I can no longer work on my thesis project. My thesis committee was not involved in this decision and in no uncertain terms, my role was no longer that of a graduate student, but that of a laboratory technician, effectively demoting me and denying the benefits privileges of my position.

4.14. Around June of 2020, I was informed by Andrew Zinn and Angelique Whitehurst that in order for me to resume my position, I am no longer allowed to take a scheduled/requested medical leave.

4.15. On 08/31/2020, I requested a sick day due to flair up of symptoms related to my disability. Hesham Sadek responded stating **"sick days...are designed for when you really are sick", "you are not sick**", "**report to work today**".

4.16. On 12/27/2020 I requested a temporary shift in my work hours for the week of 12/28/2020 in accommodation for declining mental health/mental illness symptoms. Hesham Sadek responded with:"**I do not agree...you've had enough breaks**".

## IV. CAUSES OF ACTION

COUNT I: ADA AND TCHRA DISABILITY DISCRIMINATION/RETALIATION

5.1. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

5.2. Defendant failed to accommodate Plaintiff's disability by failing to provide a modification of work hours to address my disability symptoms protected by my ADA protected rights. At all times, I was qualified to perform my position. Defendant terminated Plaintiff after multiple requests for reasonable accommodation of my disability.

5.3. UTSWMC failed to engage in the interactive process with Plaintiff to determine if a reasonable accommodation was possible which would have allowed my to continue my work position.

5.4 UTSWMC engaged in a campaign to harass and discriminate against Plaintiff and when that did not work, they simply terminated me for my need for an ADA accommodation.

5.4. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect my employment status as an employee because of my disability.

5.5. The unlawful employment practices complained of above were intentional.

5.6. The unlawful employment practices described above were committed with malice or with reckless indifference for my federally protected rights.

5.7. Plaintiff suffered significant damages as a result of Defendant's actions, including non-pecuniary damages such as emotional pain, suffering, convenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages as a result of the unlawful employment practices described above, in amounts to be proven at trial.

COUNT II: FMLA DISCRIMINATION/RETALIATION

5.8. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

5.9. The FMLA specifically provides that it is unlawful for an employer to discharge or in any other manner discriminate against an employee for exercising the employee's right to take FMLA leave. 29 U.S.C. § 2615(a)(2).

5.10. Plaintiff is an employee within the meaning of the FMLA. Plaintiff was employed by Defendant for at least 12 months and worked at least 1,250 hours in the 12 months preceding the leave.

5.11. Defendant is an employer within the meaning of the FMLA. Defendant employed 50 or more employees for each working day of 20 or more calendar workweeks in the current or preceding calendar year.

5.12 During the course of his employment, Plaintiff was forced to take a FMLA protected leave, than subsequently told that any future FMLA leave was forbidden. Plaintiff's illness/disability constituted a "serious health condition" under the FMLA.

5.13. Defendant unlawfully retaliated against Plaintiff for seeking leave under the FMLA. Specifically, Defendant harassed and discriminated against Plaintiff, by making insensitive remarks about his character, work ethic and disability. He was demoted, isolated from his peers, and eventually terminated Plaintiff shortly after requesting a FMLA/ADA leave period.

5.14. As a direct and proximate result of Plaintiff's exercise of rights under the ADA and FMLA, harassment, discrimination, and subsequent termination, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, both past and future, and the value of benefits and fringe benefits.

## VI. ATTORNEYS' FEES/DAMAGES

6.1. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

6.2. Plaintiff is entitled to recover attorneys' fees and costs if retainted for bringing this action pursuant to the Family Medical Leave Act, 29 U.S.C. §2617(3), the ADA, and as allowed by the Texas Labor Code.

6.3. Plaintiff seeks a demand for judgment for other relief, such as declaratory relief and injunctive relief for reinstatement.

6.4. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of between $200,000.00 and $1,000,000.00.

## VII. REQUEST FOR DISCLOSURE

7.1. Pursuant to Rule 194, Defendants are hereby requested to disclose, Within 50 days of receipt of this request, the information or material described in Texas Rules of Civil Procedure 194(a) through (l).

## VIII. JURY TRIAL DEMANDED

8.1 Plaintiff requests a jury trial on all questions of fact raised by its petition.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award him judgment against Defendant, UTSWMC for the following:

   a.   Actual and consequential damages;

b.  Compensatory and Non-compensatory damages;

c.  Front pay and back pay;

d.  Punitive damages;

e.  Attorneys' fees and expenses;

f.  Past and Future non-pecuniary damages including emotional pain, suffering, convenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages as a result of the unlawful employment practices described above, in amounts to be proven at trial;

g.  Costs of court; and

h.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

Magid S. Mohamed, Pro Se
4800 West Lovers Lane Apt 212, Dallas, TX 75209
(718)-362-0061
Magid92Moh@icloud.com

DocuSign Envelope ID: 18CE23C1-6EBF-4FCB-8DE6-84F4708A56AC

# Texas Workforce Commission
## A Member of Texas Workforce Solutions

**Bryan Daniel, Chairman**
Commissioner Representing the Public

**Aaron Demerson**
Commissioner Representing Employers

**Alberto Treviño, III**
Commissioner Representing Labor

**Edward Serna**
Executive Director

Tue Aug 15 00:00:00 EDT 2023

Magid Mohamed
4800 West Lovers Lane Apt 212
Dallas, TX 75209
c/o

RE:     **LETTER OF NOTICE OF RIGHT TO FILE CIVIL ACTION**

TWCCRD: 1A22377                     EEOC: 31C-2022-00373
RE: Magid Mohamed v University of Texas Southwestern Medical Center

Dear Magid Mohamed:

Charging Party alleges that they have been subjected to Denial of Reasonable Accommodation and Discharge based on their Disability and Retaliation. This letter certifies you have submitted a request for a Notice of Right to File Civil Action to the Texas Workforce Commission Civil Rights Division. Upon issuance the TWCCRD will immediately close this case.

The Notice of Right to File Civil Action is on page 2 of this letter and will be sent to the parties electronically at the addresses on file.

DocuSign Envelope ID: 18CE23C1-6EBF-4FCB-8DE6-84F4708A56AC

Case 3:23-cv-02705-G-BN   Document 1   Filed 12/08/23   Page 23 of 50   PageID 73
Wed Jul 26 00:00:00 EDT 2023       Magid Mohamed v University of       Page **2** of **2**
                                   Texas Southwestern Medical
                                   Center

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

On behalf of the Division,

*Venessa Hernandez for Bryan Snoddy*
_____          8/15/2023
Bryan Snoddy                             _____
Division Director                        Date

cc:
Katherine Fearn
5323 Harry Hines Blvd.
Dallas, TX 75390

101 E. 15th Street, Room 154 • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 463-2643 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.twc.texas.gov
Equal Opportunity Employer / Program
Auxiliary aids and services are available upon request to individuals with disabilities



# EXHIBIT C

Affidavit Of Inability To Pay

Case 3:23-cv-02705-G-BN   Document 1   Filed 12/08/23   Page 25 of 50   PageID 75

FILED
8/31/2023 9:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

**DC-23-13235**

1 CIT-PCT #5

| | | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | IN THE 298th DISTRICT COURT |
| *Pro Se,* | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF |
| | § | |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | DALLAS COUNTY TEXAS |
| Defendant. | § | |

August 31, 2023

## Request to Issue Citation and Service of Process by Constable

Dear Clerk,

This letter serves as a formal request to issue a citation for Defendant, University of Texas Southwestern Medical Center. The citation details are listed below.

THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

REGISTERED AGENT DANIEL K. PODOLSKY

5323 HARRY HINES BOULEVARD

DALLAS, TEXAS 75390

In addition, I am requesting that my Original Complaint and the issued citation be served on the Defendant's register agent by constable. Thank you.

Warm Regards,

Magid S. Mohamed, Pro Se

(718)-362-0061

Magid92Moh@icloud.com

# EXHIBIT D

FILED
9/27/2023 9:31 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Ricky Brashear DEPUTY

## DC-23-13235

|                                        |   |                                     |
|----------------------------------------|---|-------------------------------------|
| MAGID SALAH ELDIN MOHAMED,             | § | IN THE 298TH DISTRICT COURT |
| Plaintiff,                             | § |                                     |
| v.                                     | § |                                     |
|                                        | § | OF                                  |
| THE UNIVERSITY OF TEXAS                | § |                                     |
| SOUTHWESTERN MEDICAL CENTER,           | § |                                     |
| Defendant                              | § | DALLAS COUNTY TEXAS                 |

**September 27, 2023**

### Notice of Diligence in Perfecting Service

### To the Honorable Judge Emily Tobolowsky and Defendant:

This letter serves as a notice on the record of my diligence and attempts in perfecting service. The following is a timeline of my case and my attempts:

On August 16, 2023, I filed my original complaint. On August 20th, the original envelope was rejected due to formatting and attachment requirements, and then rejected again August 26, 2023 due to insufficient fees (although the affidavit of inability to pay was included in the filing). On August 28, 2023 I resubmitted the filing and it was accepted on August 30th.

On August 31st, I submitted a cover letter to the court clerk requesting issuance of a citation and service by constable. The citation was issued on September 8, 2023 and assigned to Constable Precinct 5. On September 11, 2023 I called Constable Precinct 5, spoke with a representative, and determined that Deputy E.A would fulfill service. When I was transferred to his extension, there was no response. On September 13th, I called again and left a voicemail, requesting a follow-up phone call. On September 22, 2023, I called and spoke with Deputy E.A and was informed that service would be perfected this week (September 25 – 29).

I will continue to keep a record of diligence in perfecting service and produce an additional letter if service is delayed.

Thank you for your time and consideration.

Warm Regards,

Magid S. Mohamed, *pro se*
4800 West Lovers Lane Apt 212 Dallas, TX 75209
(718)-362-0061
Magid92Moh@icloud.com

## DC-23-13235

| | § | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | IN THE 298TH DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | OF |
| THE UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

**October 9, 2023**

### Second Notice of Diligence in Perfecting Service

**To the Honorable Judge Emily Tobolowsky and Defendant:**

This letter serves as a second notice on the record of my diligence and attempts in perfecting service. Please see the attached first letter for a complete timeline of this case. The following is a timeline of my attempts:

On September 22, 2023, I called Constable Precinct 5 (CP5) and spoke with Deputy E.A and was informed that service would be perfected between September 25th to 29th.

On October 3, 2023, I called CP5 and left a voicemail requesting a call back to follow up on service. On October 6th I called again and left a second voicemail. Finally, on October 9th I left a third voicemail requesting call back to follow up on service.

I will continue to keep a record of diligence in perfecting service and produce an additional letter if service is delayed.

Thank you for your time and consideration.

Warm Regards,

Magid S. Mohamed, *pro se*

4800 West Lovers Lane Apt 212 Dallas, TX 75209
(718)-362-0061
Magid92Moh@icloud.com

Copy from re:SearchTX

DC-23-13235

| | | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | IN THE 298TH DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | OF |
| THE UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

October 23, 2023

### Third Notice of Diligence in Perfecting Service

**To the Honorable Judge Emily Tobolowsky and Defendant:**

This letter serves as a third notice on the record of my diligence and attempts in perfecting service. Please see the first and second letters for a complete timeline of the case (including service). The following is a timeline of my attempts:

On October 9th I had left a third voicemail with the Deputy E.A requesting a call back to follow up on service. On October 13th I visited Constable Precinct 5 and spoke with a representative who assured me that she would follow up on my behalf and provide me with an update.

On October 16th I received a call back and voicemail from the representative informing me that attempts have been made/are in-progress and I should follow up the next week. On October 23rd I called to follow up and was informed that Defendant has been properly served (either on Thursday or Friday).

Warm Regards,

Magid S. Mohamed, *pro se*

4800 West Lovers Lane Apt 212 Dallas, TX 75209
(718)-362-0061
Magid92Moh@icloud.com

FILED
11/13/2023 6:06 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Ricky Brashear DEPUTY

Case 3:23-cv-02705-G-BN   Document 1   Filed 12/08/23   Page 31 of 50   PageID 81

## DC-23-13235

| | | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | IN THE 298TH DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | OF |
| THE UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

**November 13, 2023**

### Fourth and Final Notice of Diligence in Perfecting Service

**To the Honorable Judge Emily Tobolowsky and Defendant:**

This letter serves as the fourth and, hopefully, final notice on the record outlining my diligence and attempts in perfecting service. Please see the first, second, and third letters for a complete timeline of the case (all attached).

The following is a timeline of my most recent attempts:

On October 23rd, during a phone conversation with Constable Deputy E.A, I was told that Defendant had been properly served ("either on a Thursday or a Friday"). After several days, I checked the e-portal for a return of service confirmation and the status was still listed as unserved. I called the Court document productions department and was told to allow a few additional days for processing to reflect confirmation.

On October 30th, I called the document productions department again and I was told the return of service form was **not** on file. I called Constable Precinct 5 and spoke with representative who clarified that service was not complete, and was reassigned to a different Deputy and is currently "out-in-the-field". No confirmation of a potential date was provided.

On November 3rd, I called the precinct asked to speak with the Sergeant, J. Davis, and I was assured that service would be complete by the following week. I was asked to call after a week to follow up.

Copy from re:SearchTX

On November 13th, I called and left a voicemail. Sergeant Davis later returned my call and confirmed that service was perfected on November 10, 2023 at 1:08pm.

Warm Regards,

Magid S. Mohamed, *pro se*

4800 West Lovers Lane Apt 212 Dallas, TX 75209
(718)-362-0061
Magid92Moh@icloud.com

# EXHIBIT E

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To: THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER
BY SERVING ITS PRESIDENT DANIEL K PODOLSKY
5323 HARRY HINES BOULEVARD
DALLAS TX 75390

## GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the 298th District Court at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being MAGID SALAH ELDIN MOHAMED

Filed in said Court 16th day of August, 2023 against

**THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER**

For Suit, said suit being numbered DC-23-13235, the nature of which demand is as follows:
Suit on EMPLOYMENT etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on this the 8th day of September, 2023

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Brittany Foreman_ , Deputy
   **BRITTANY FOREMAN**

---

PCT#5

# CITATION

No: DC-23-13235

MAGID SALAH ELDIN MOHAMED
vs.
THE UNIVERSITY OF TEXAS
SOUTHWESTERN MEDICAL CENTER

ISSUED
on this the 8th day of September, 2023

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: BRITTANY FOREMAN, Deputy

Attorney for Plaintiff PRO SE
MAGID SALAH ELDIN MOHAMED
4800 WEST LOVERS LANE APT 212
DALLAS TX 75209
718-362-0061
MAGID92MOH@ICLOUD.COM

Affidavit of Inability To Pay



FILED
2023 NOV 14  PH 4: 17
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

0 1 3 0

**OFFICER'S RETURN**

Cause No. DC-23-13235

Court No.: 298th District Court

Style: MAGID SALAH ELDIN MOHAMED
vs.
THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ .M.

Executed at 5323 Harry Hines Blvd , within the County of Dallas , at 9:00

o'clock A .M. on the 9 day of November , 20 23 , by delivering to the within named

by serving University of Texas Southwestern Medical Center by serving

Em (Legal) .

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of
delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:       To certify which
witness my hand.

For serving Citation    $ 80.00
For mileage            $ _____
For Notary             $ _____

(Must be verified if served outside the State of Texas.)

MICHAEL OROZCO, CONSTABLE PCT 5
DALLAS COUNTY, TEXAS

of _____ County, _____,

By _____ Deputy

Signed and sworn to by the said _____ before me this _____ day of

_____ 20 ____, to certify which witness my hand and seal of office.

Notary Public _____ County

**ATTEMPTED SERVICE – PCT. 5**

| DATE | TIME | REMARKS | DEPUTY |
|------|------|---------|--------|
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |

| DATE | TIME | REMARKS | DEPUTY |
|------|------|---------|--------|
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |
|      |      |         |        |

SEP 1 1 2023

# EXHIBIT F

FILED
12/4/2023 11:32 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

## CAUSE NO. DC-23-13235

| | | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE UNIVERISTY OF TEXAS | § | |
| SOUTHWETERN MEDICAL CENTER, | § | |
| *Defendant*. | § | 298TH JUDICIAL DISTRICT |

### DEFENDANT THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S ORIGINAL ANSWER AND DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant The University of Texas Southwestern Medical Center ("UTSW") files this Original Answer and Defenses to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, UTSW generally denies each and every allegation in Plaintiff's Original Petition and demands strict proof thereof.

### II. DEFENSES

1. UTSW asserts the doctrine of sovereign immunity from suit to all causes of action brought against it, to the extent that it applies.

2. UTSW asserts the doctrine of sovereign immunity from liability to all causes of action brought against it, to the extent that it applies.

3. Plaintiff's claims are time-barred by the statute of limitations, to the extent that it applies.

4. Plaintiff's claims are barred by res judicata.

5. Plaintiff failed to exhaust his administrative remedies or meet all conditions precedent

and statutory prerequisites prior to filing this lawsuit, if applicable.

6.      UTSW asserts the right to raise additional defenses that become apparent through the

factual development of this case.

### III. Prayer For Relief

Wherefore, Defendant UTSW respectfully requests this Court to enter judgment for

UTSW and against Plaintiff, to dismiss Plaintiff's claims with prejudice, to award UTSW its costs,

and to grant UTSW such other and further relief, special or general, at law or in equity, to which

it is justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Mason Currah*
**MASON CURRAH**
Texas Bar No. 24133305
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 475-4072
Fax: (512) 320-0667
Mason.Currah@oag.texas.gov
**LEAD ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I certify that that December 4, 2023, this document was filed electronically via the Court's electronic filing system, causing electronic service upon all counsel of record. A true and correct copy of the foregoing document has been sent via *U.S. certified mail, return receipt requested*, and first-class mail on December 4, 2023 to:

Magid S. Mohamed
4800 West Lovers Ln. #212
Dallas, TX 75209
**PLAINTIFF PRO SE**


*/s/ Mason Currah*
**MASON CURRAH**
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maxiana Gustin on behalf of Mason Currah
Bar No. 24133305
maxiana.gustin@oag.texas.gov
Envelope ID: 82192660
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 12/4/2023 12:48 PM CST

Associated Case Party: MAGIDSALAH ELDINMOHAMED

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Magid SMohamed | | magid92moh@icloud.com | 12/4/2023 11:32:01 AM | SENT |

Associated Case Party: THE  UNIVERISTY OF TEXAS  SOUTHWETERN MEDICAL CENTER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Maxiana Gustin | | maxiana.gustin@oag.texas.gov | 12/4/2023 11:32:01 AM | SENT |
| Mason Currah | | mason.currah@oag.texas.gov | 12/4/2023 11:32:01 AM | SENT |

Associated Case Party: TEXS WORKFORCE COMMISION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chris Van Vliet | | Chris.VanVliet@oag.texas.gov | 12/4/2023 11:32:01 AM | SENT |
| Les Trobman | | Les.Trobman@twc.texas.gov | 12/4/2023 11:32:01 AM | SENT |

# EXHIBIT G

## Case Information

DC-23-13235 | MAGID SALAH ELDIN MOHAMED vs. THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-23-13235 | 298th District Court | TOBOLOWSKY, EMILY |
| File Date | Case Type | Case Status |
| 08/22/2023 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
MOHAMED, MAGID SALAH ELDIN

Active Attorneys▾
   Pro Se

DEFENDANT
THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

Active Attorneys▾
Lead Attorney
CURRAH, MASON RANDLE
Retained

## Events and Hearings

08/16/2023 ORIGINAL PETITION ▾

ORIGINAL PETITION

08/16/2023 AFFIDAVIT INABILITY TO PAY

08/22/2023 NEW CASE FILED (OCA) - CIVIL

08/31/2023 REQUEST FOR SERVICE ▾

RQST LETTER

08/31/2023 ISSUE CITATION ▾

ISSUE CITATION-THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

09/08/2023 CITATION▾

Served
11/09/2023

Anticipated Server
CONSTABLE 5

Anticipated Method
Actual Server
CONSTABLE 5

Returned
11/14/2023
Comment
THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

09/27/2023 CORRESPONDENCE - LETTER TO FILE ▾

RE: NOTICE OF DILIGENCE

Comment
RE: NOTICE OF DILIGENCE

10/09/2023 CORRESPONDENCE - LETTER TO FILE ▾

Comment
2ND NOTICE OF DILIGENCE IN PERFECTING SERVICE

10/26/2023 CORRESPONDENCE - LETTER TO FILE ▾

CORRESPONDENCE - LETTER TO FILE

Comment
3RD NOTICE OF DILIGENCE IN PERFECTING SERVICE

11/13/2023 CORRESPONDENCE - LETTER TO FILE ▾

Comment
4TH AND FINAL NOTICE OF DILIGENCE IN SERVICE

---

11/15/2023 RETURN OF SERVICE ▾

EXECUTED CITATION - THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

Comment
EXECUTED CITATION - THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

---

12/04/2023 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

---

## Financial

No financial information exists for this case.

---

## Documents

ORIGINAL PETITION

RQST LETTER

ISSUE CITATION-THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

RE: NOTICE OF DILIGENCE

CORRESPONDENCE - LETTER TO FILE

EXECUTED CITATION - THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

ORIGINAL ANSWER - GENERAL DENIAL

# EXHIBIT H

**CAUSE NO. DC-23-13235**

| | | |
|---|---|---|
| MAGID SALAH ELDIN MOHAMED, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE UNIVERISTY OF TEXAS | § | |
| SOUTHWETERN MEDICAL CENTER, | § | |
| *Defendant*. | § | 298TH JUDICIAL DISTRICT |

### DEFENDANT THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S NOTICE OF FILING OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant The University of Texas Southwestern Medical Center ("UTSW") files this Notice of Filing of Removal to Federal Court, hereby giving notice to this Court and all other parties that on December 8, 2023, UTSW removed this case from this Court to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. A copy of the Notice of Removal filed in federal court is attached to this Notice. Pursuant to 28 U.S.C. § 1446(d), removal to federal court has been effected, and further proceedings in this Court are prohibited by statute "unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Mason Currah*
**MASON CURRAH**
Texas Bar No. 24133305
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 475-4072
Fax: (512) 320-0667
Mason.Currah@oag.texas.gov
**LEAD ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that that December 8, 2023, this document was filed electronically via the Court's electronic filing system, causing electronic service upon all counsel of record. A true and correct copy of the foregoing document has been sent via *U.S. certified mail, return receipt requested*, and first-class mail on December 8, 2023 to:

Magid S. Mohamed
4800 West Lovers Ln. #212
Dallas, TX 75209
**PLAINTIFF PRO SE**

*/s/ Mason Currah*
**MASON CURRAH**
Assistant Attorney General

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MAGID SALAH ELDIN MOHAMED** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. xxxxxxxxx** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER** | § | |
| *Defendants.* | § | |

---

**DEFENDANT THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL**
**CENTER'S CERTIFICATE OF INTERESTED PERSONS**

---

Pursuant to Local Rule 81.1(a)(4)(D) and 3.1(c), Defendant the University of Texas Southwestern Medical Center provide the following list of all persons, associations of persons, firms, partnerships corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

**Plaintiff Pro Se:**     Magid Salah Eldin Mohamed
4800 West Lovers Ln. #212
Dallas, TX 75209
(718) 362-0061
Magid92moh@icloud.com

**Defendant:**     The University of Texas Southwestern Medical Center

**Defendant's Counsel:**     Mason Currah
Assistant Attorney General
P.O. Box 12548
Austin, TX 78711
(512) 475-4072 – Phone
(512) 320-0667 – Fax
Mason.Currah@oag.texas.gov

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Mason Currah*
**MASON CURRAH**
Texas Bar No. 24133305
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 475-4072
Fax: (512) 320-0667
Mason.Currah@oag.texas.gov
**LEAD ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that that December 8, 2023, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record. A true and correct copy of the foregoing document has been sent via *U.S. certified mail, return receipt requested*, and first-class mail on December 8, 2023 to:

Magid S. Mohamed
4800 West Lovers Ln. #212
Dallas, TX 75209
**PLAINTIFF PRO SE**

*/s/ Mason Currah*
**MASON CURRAH**
Assistant Attorney General