IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAGID SALAH ELDIN MOHAMED, § § Plaintiff, § § V. § § THE UNIVERSITY OF TEXAS § SOUTHWESTERN MEDICAL CENTER, § § Defendant. § | No. 3:23-cv-2705-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Magid Salah Eldin Mohamed filed a *pro se* petition in a Dallas County, Texas state court alleging that Defendant The University of Texas Southwestern Medical Center ("UTSW") violated Title I of the Americans with Disabilities Act ("ADA" or "ADAAA"), the Family and Medical Leave Act ("FMLA"), and Chapter 21 of the Texas Commission on Human Rights Act ("TCHRA"). *See* Dkt. No. 1, Ex. B.

UTSW answered in state court and then removed Mohamed's lawsuit under 28 U.S.C. §§ 1331, 1441(a), and 1446. *See* Dkt. No. 1.

And Senior United States District Judge A. Joe Fish referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

UTSW then filed an amended motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. No. 7. And, as allowed by orders of the Court, *see* Dkt. Nos. 8 & 11, Mohamed filed a response, *see* Dkt. No. 12, and UTSW replied, *see* Dkt. No. 13. But Mohamed then filed a Motion for Miscellaneous Relief,

contesting a portion of UTSW's reply [Dkt. No. 14], which the Court construed as an unauthorized surreply and ordered stricken and unfiled, *see* Dkt. No. 15.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons set out below, the Court should grant the amended motion for judgment on the pleadings and dismiss this lawsuit with prejudice.

### Legal Standards

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 709 (5th Cir. 2023) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the

speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in

ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D.

Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And plaintiffs may not amend their allegations through a response to a motion to dismiss, because "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

UTSW moves for judgment on the pleadings, contending that Mohamed's claims are barred by sovereign immunity and res judicata.

"Sovereign immunity is jurisdictional." *St. Marion Props., L.L.C. v. City of Hous.*, 78 F.4th 754, 762 (5th Cir. 2023) (citation omitted). And "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted). So the Court should start there.

"'[P]ublic universities are entitled to sovereign immunity as arms of the state,' and [the United States Court of Appeals for the Fifth Circuit has] 'consistently treated health institutions of the UT System ... as instrumentalities of the State of Texas.'" *Rudison v. MD Anderson Cancer Ctr.*, 91 F.4th 788, 789 (5th Cir. 2024)

(quoting *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 257 (5th Cir. 2020)).

That UTSW's removal of Mohamed's claims under federal law to federal court "waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity" "does not affect or limit [UTSW's] ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against [UTSW] finally and on their merits in the federal courts." *Meyers ex rel. Benzing v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006) (concluding that, after removal, "Texas may assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system").

And, under these circumstances, the Court may properly consider the sovereign immunity defense as a ground "to dismiss under Rule 12(b)(6) for failure to state a claim." *Kelley v. Papanos*, Civ. A. No. H-11-0626, 2012 WL 208446, at *4 (S.D. Tex. Jan. 24, 2012) (citing *Meyers*, 454 F.3d at 504).

The undersigned "therefore examines whether Texas has waived immunity from liability on the merits for [Mohamed's] claims." *Garza v. Tex. Dep't of Aging & Disability Servs.*, No. A-17-CA-686-SS, 2017 WL 4681799, at *3 (W.D. Tex. Oct. 17, 2017).

> Turning first to [Mohamed's] federal claims under the ADAAA and FMLA, [the undersigned] finds no waiver of liability upon review of Texas law and [Mohamed] has [not] pointed to any such waiver. *See Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 202 (Tex. 2010) (holding Texas cannot be sued under the FMLA's self-care provision because Congress did not validly abrogate the States' immunity in

> enacting that section of the FMLA); *see also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002) ("The Texas Labor Code, however, does not contain a clear and unequivocal waiver of immunity from suit with respect to the ADA, a distinct federal statute."). Consequently, the [undersigned] finds [Mohamed's] claims under the ADAAA and FMLA are barred by [UTSW's] immunity from liability.

*Id.*

Like here, also at issue in *Garza* were claims under the TCHRA, which are "wholly state claims." *Id.* at *4. And the court in *Garza*, "having found Defendant is entitled to immunity on Plaintiff's federal claims, [declined] to exercise supplemental jurisdiction over the TCHRA claims, the only remaining claims in [the] suit." *Id.* (citing 28 U.S.C. § 1367).

That would seem like a prudent course of action here too, at this initial stage of this proceeding – to avoid addressing "wholly state claims." *See* Dkt. No. 7 at 4-7; Dkt. No. 12; Dkt. No. 13 at 2-7.

But also at issue here is UTSW's argument that the TCHRA claims are subject to res judicata based on a prior judgment entered in this district. *See* Dkt. No. 7 at 8-9; Dkt. No. 12; No. 13 at 7-9; *Mohamed v. Sadek*, No. 3:23-cv-1835-D-BN, 2023 WL 8518233 (N.D. Tex. Sept. 1, 2023), *rec. adopted*, 2023 WL 7412943 (N.D. Tex. Nov. 9, 2023) ("*Mohamed I*").

And, where a court's ruling on a Rule 12(c) motion turns on Rule 12(b)(6)'s legal standards, "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts." *Basic Capital*, 976 F.3d at 591 (cleaned up; quoting *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (per curiam)); *accord Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

As to the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citation omitted)); *accord Sacks*, 83 F.4th at 344-45; *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he

transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

All four conditions are met here considering the judgment in *Mohamed I*, which was dismissed on judicial screening under 28 U.S.C. § 1915(e)(2) on November 9, 2023, the same day that UTSW was served the state court petition that it later removed to federal court, on December 8, 2023. *See* Dkt. No. 1 at 6.

The Court should therefore find that res judicata bars its consideration of the TCHRA claims.

And, so, for these reasons, the Court should grant UTSW's amended Rule 12(c) motion for judgment on pleadings and dismiss this lawsuit with prejudice.

## Recommendation

The Court should grant Defendant The University of Texas Southwestern Medical Center's amended motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) [Dkt. No. 7] and dismiss Plaintiff Magid Salah Eldin Mohamed's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE